# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 21-11700-CAD-13 |
| MODESTO Z. MORENO, JR.,<br>Debtor. | CHAPTER 13 |
| STATE OF INDIANA on the relation of the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT,<br>Plaintiff,<br>v.<br>MODESTO Z. MORENO, JR.,<br>Defendant. | ADVERSARY PROCEEDING NO. 22-00004 |

## MOTION FOR DEFAULT JUDGMENT

The Plaintiff, the State of Indiana on the relation of the Indiana Department of Workforce Development (the "Department" or "Plaintiff"), by Todd Rokita, Attorney General of Indiana, and Heather M. Crockett, Deputy Attorney General, and pursuant to Federal Rule of Civil Procedure 55, as made applicable by Federal Rule of Bankruptcy Procedure 7055, files this Motion for Default Judgment against the Defendant, Modesto Z. Moreno, Jr. ("Defendant"). In support of its Motion, the Plaintiff shows the Court the following:

### PROCEDURAL HISTORY

1.   Plaintiff filed its Complaint to Determine Dischargeability of Debt ("Complaint") against Defendant on January 7, 2022 alleging the fraudulent overpayment of unemployment benefits to Defendant, statutory penalties and pre-petition interest is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A). [Doc. #1].

2.   The Alias Summons and Complaint were served upon the Defendant by regular U.S. First Class Mail on or about January 26, 2022 and by U.S. Certified Mail on February 3, 2022. [Doc. #9].

3. The Summons and Complaint were served upon the Defendant's counsel in his main bankruptcy case by regular U.S. First Class Mail on or about January 26, 2022 and by U.S. Certified Mail on or after February 1, 2022. [Doc. #9].

4. The Defendant was required to answer or otherwise respond to the Complaint within thirty (30) days of the issuance of the Alias Summons and failed to do so.

5. In filing its Motion for Default Judgment, the Department seeks a judgment – by default – that the fraudulent overpayment of unemployment benefits, statutory penalties and pre-petition interest be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## LEGAL ARGUMENT

**A.  Fraudulent overpayment of unemployment benefits, statutory penalties and pre-petition interest is a nondischargeable debt under Bankruptcy Code § 523(a)(2)(A).**

6. 11 U.S.C. § 523(a)(2)(A) states, "A discharge under section 1328(b)… of this title does not discharge an individual debtor from any debt for money, property, services…, to the extent obtained by false pretenses, a false representation, or actual fraud…."

7. To prove false pretenses, false representation, or actual fraud, a plaintiff must establish that (1) the defendants obtained the plaintiff's monies through representations that the defendants either knew to be false or made with such reckless disregard for the truth to constitute willful misrepresentation; (2) the defendants acted with an intent to deceive the plaintiffs; and (3) the plaintiff justifiably relied on the defendants' false representations to their detriment. *In re Sheridan*, 57 F.3d 627, 635 (7th Cir. 1995).

8. The undisputed facts in the present case are that the Defendant applied for and received regular ("UI") unemployment compensation benefits during the benefit year ending January 14, 2017 certifying for one or more such weeks during the benefit years that he had (1)

reported any and all work, earnings, and self-employment activity for the week, (2) given only true and accurate answers and information in the application for benefits, and (3) reported anything that interfered with his ability to work full-time during the week.

9. However, during various compensable weeks from February 27, 2016 through March 19, 2016; and April 2, 2016 through July 30, 2016 (collectively, the "Compensable Weeks"), the Department determined that the Defendant was employed by and received wages from People 2.0 North America, LLC (the "Employer").

10. The Defendant either under-reported or wholly failed to report his wages to the Department on more than Twenty-Two (22) of his weekly vouchers during the Compensable Weeks, and therefore received unemployment benefits that he was not entitled to during that period of time.

11. Pursuant to Indiana Code § 22-4-13-1.1(a), Plaintiff is entitled to recover benefits which might otherwise have become payable if an individual (1) knowingly fails to disclose amounts earned during any week in her waiting period, benefits period, or extended benefit period or (2) knowingly fails to disclose or has falsified as to any fact which would disqualify her or rendered her ineligible for benefits or extended benefits or would reduce her benefit rights or extended benefit rights during such a week.

12. Furthermore, Indiana Code § 22-4-13-1.1(a)(2) provides that any failure to disclose earnings that "would disqualify the individual for benefits, reduce the individual's benefits, or render the individual ineligible for benefits …, the individual forfeits any wage credits earned" during that period.  Such forfeiture can result in an overpayment of a future claim due to the wage credit cancellation.

13. As a result of Defendant's failure to report the employment earnings to the Department, the Department paid Defendant benefits in the amount of Eight Thousand One Hundred Ninety Dollars and 00/100 Cents ($8,190.00) upon Defendant's UI claims for the benefit year ending January 14, 2017. *See* Affidavit of Indebtedness attached hereto.

14. The Department mailed the Defendant its administrative determinations of fraud. The Defendant failed to file an appeal, and the administrative fraud determinations became final pursuant to Indiana law.

15. Pursuant to Indiana Code § 22-4-13-1.1(b), the Department is entitled to receive civil penalties in the amount of twenty-five percent (25%) of the overpayment amount for the first instance, fifty percent (50%) of the overpayment amount for the second instance, and one hundred percent (100%) of the overpayment amount for the third and each subsequent instance where an individual failed to disclose material facts which would have made an individual ineligible to receive benefits.

16. Defendant incurred a penalty of Two Thousand Forty-Seven Dollars and 50/100 Cents ($2,047.50) upon Defendant's UI claims for the benefit year ending January 14, 2017. *See id*.

17. Pursuant to Indiana Code § 22-4-13-1(c), Plaintiff is entitled to receive interest at a rate of one-half percent (0.5%) per month of the overpayment amount from the date the Department establishes that an overpayment has occurred or the date that the determination of an overpayment becomes final following the exhaustion of all appeals.

18. Defendant has accrued interest in the amount of Seven Hundred Four Dollars and 06/100 Cents ($704.06). *See id*.

19. The total amount of pre-petition payments or set offs applied towards the debt owed to the Department totals Three Thousand Three Hundred Twenty-Six Dollars and 00/100 Cents ($3,326.00). *See id*.

20. After taking into account pre-petition payments or set offs, the total balance due and owing the Department is Seven Thousand Six Hundred Fifteen Dollars and 56/100 Cents ($7,615.56) which includes the principal amount of overpayments, statutory penalties and pre-petition interest. *See id*.

21. In summary, the fraudulent overpayment of unemployment benefits, statutory penalties and pre-petition interest should be declared nondischargeable under 11 U.S.C. § 523(a)(2)(A). The Defendant knew that his representations were false because he was employed at the same time he was receiving unemployment benefits and he failed to report his wages on the weekly vouchers for benefits. The Defendant was required to certify as to the accuracy of the information contained within each weekly voucher prior to submission. The Defendant's intent to deceive the Department should be inferred under a totality of the circumstances as he filed more than Twenty-Two (22) false claim vouchers wherein he failed to report his wages. The Department relied on the Defendant's deceptions to its detriment, *i.e.*, it erroneously paid unemployment benefits to the Defendant to which the Defendant was not entitled.

WHEREFORE, the Plaintiff, the State of Indiana on the relation of the Indiana Department of Workforce Development, moves the court to enter judgment in its favor against Defendant, Modesto Z. Moreno, Jr., and declare the debt nondischargeable, by default, pursuant to 11 U.S.C. § 523(a)(2)(A), plus the Three Hundred Fifty Dollars and 00/100 Cents ($350.00) adversary filing fee, and for all other just and proper relief in the premises.

        Respectfully submitted,
        TODD ROKITA
        Attorney General of Indiana

By:   /s/ Heather M. Crockett
       Heather M. Crockett
       Deputy Attorney General
       Indiana Office of Attorney General
       Indiana Government Center South, 5th Floor
       302 West Washington Street
       Indianapolis, IN 46204-2770
       Telephone: 317-233-6254
       Facsimile: 317-232-7979
       Email: Heather.Crockett@atg.in.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Motion for Default Judgment* has been duly served upon all counsel or parties of record listed below, by ECF Notification or U.S. First Class mail, postage prepaid on March 25, 2022:

Modesto Z Moreno, Jr.
8022 46th St.
Lyons, IL 60534

        By: /s/ Heather M. Crockett
           Heather M. Crockett
           Deputy Attorney General